United States District Court
District of Conn

Tyrone Grant. v. M.H. Chodos Ins. Agency] Progressive Ins Co.
# Civil No. 301cv00935(AWT)   9.21.06

Tyrone Grant Acting Prose. Now files this direct motion for reconsideration Pursuant to F.R.Civ.P. Rule 52(b) as follows,

Ty-Grant alleges.Judicial Error] As A matter of Law] Extraordinary] And Extreme hardship. that warranted Relief. From Judgment] which should be granted]
* there is A Substantive Right] As A matter of State Law] to have Judgment Reopened
* 524(e) of the Bankr. Code. Prohibited the Bankr Court And this District Court from preventing the Enforcement of third party] Guarantees] Cited Case Law[322 BR 572]]
* Plaintiff by Law of Case] third party Beneficiary] under Progressive policy] And Subsequently
* the defendant owed A duty to Plaintiff. that the Law of Case [1996] Relied on 524(e) *
Issue the Dist Court Actins In Bankr. Appellant Capacity] - And As present Court.
* In Error] Entered Judgment In favor of defendants] the Court Error Imputed to the State In Error] Now As A matter of Law] It so owes A duty] to use Its Inherent Power]
* to correct Its own mistakes] 197 BR 634] this would Result In (No) Prejudice to defenda
* Similar, situated persons have been treated differently] States this cause of action for Equal Protection of the Law] Cited. 18 F3d 188] 2d cir 1994] 524(e) dictated A Compelling Reason to change Course Case Law] A Justifiable Reliance] A predicate Adjudicative Proceeding] 956 F2d 30] 2d cir 1992]
Justifies Reopening this Case which this Court And Court of Appeals] will take Judicial Notice [326 F3d 63] 2
* Congress through Statute sought to free debtor of personal obligations] while Ensuring that (No) one Else Reaped Similar Benefit Bankr Code 11 USCA 524-(727) Notice As matter of Law] by Progressive A demand for this order of Judgment. F.R.Civ.P. Rule 54(b) 28 USCA 1291] Execution Retention 950,000.00
Ty-Grant Aggrieved party] Citing Re.Mann. Court. 58 BR 953] If the Court does not Allow this Actic to be paid the Insurance Co] would In Effect Escape liability] And be Unjustly Enriched] Illegally.*
* this Court Can (Not) Act In Contravention of the Bankr Code Cited 982 F2d 727] 2d cir 1992]*

tor with unliquidated claim received discharge of all scheduled claims, tort claimant moved in state court to continue negligence action, debtors moved in bankruptcy court for enforcement of permanent injunction, and tort claimant cross-moved in bankruptcy court for modification of injunction pursuant to statute governing effect of discharge that protects debtor from any personal liability on debt. The Bankruptcy Court, Edward D. Hayes, J., denied tort claimant's cross motion and held that discharge injunction barred tort claimant from maintaining her negligence action. On appeal, the United States District Court for the Western District of New York, Michael A. Telesca, Chief Judge, vacated that order and held that discharge did not operate to enjoin tort claimant from resuming negligence suit, insofar as that action remained confined to obtaining judgment to be paid by debtors' liability insurer. The Court of Appeals, Oakes, Chief Judge, held that: (1) statute governing effect of discharge permits plaintiff to proceed against discharged debtor solely to recover from debtor's insurer; (2) tort claimant would be permitted to continue her suit against debtors who had received Chapter 7 discharge without being required to obtain modification of discharge injunction, but only to prove liability as prerequisite to recovery from debtors' liability insurer; and (3) neither res judicata nor collateral estoppel precluded resumption of tort claimant's suit after Chapter 7 debtors received discharge, even though tort claimant had failed to appeal bankruptcy court discharge order and bankruptcy court order denying tort claimant's erroneous postdischarge request for relief from stay.

Affirmed.

1. Bankruptcy ⚖2364, 2437

Tort claimant's motion after debtors received Chapter 7 discharge for relief from automatic stay was improper; discharge had extinguished stay and replaced it with permanent injunction protecting debtor from any personal liability on debt. Bankr.Code, 11 U.S.C.A. §§ 362(c)(2)(C), 524(a), 727.

2. Bankruptcy ⚖3411

Congress through statute providing for Chapter 7 discharge and through statute governing effect of discharge sought to free debtor of personal obligations while ensuring that no one else reaped similar benefit. Bankr.Code, 11 U.S.C.A. §§ 524, 727.

3. Bankruptcy ⚖3412

Senate report's statement, that provision that discharge of debt does not affect liability of any other entity on, or property of any other entity for, such debt provides that discharge of debtor does not affect codebtors or guarantors, represents nonexhaustive description of the most common types of third parties to which the provision applies and does not preclude application of that provision to third parties who might be indirectly liable to plaintiff, such as debtor's liability insurer. Bankr.Code, 11 U.S.C.A. § 524(e).

4. Bankruptcy ⚖3412

Statute governing effect of discharge permits plaintiff to proceed against discharged debtor solely to recover from debtor's insurer. Bankr.Code, 11 U.S.C.A. § 524.

5. Bankruptcy ⚖2364

Tort claimant would be permitted to continue her suit against debtors who had received Chapter 7 discharge without being required to obtain modification of discharge injunction, but only to prove liability as prerequisite to recovery from debtors' liability insurer; delay of approximately eight months between time that bankruptcy court issued discharge order and motion seeking modification of injunction should not forever bar tort claimant from continuing suit, where that delay had resulted in no prejudice to debtor or insurer. Bankr. Code, 11 U.S.C.A. § 524.

6. Judgment ⚖829(3)

Neither res judicata nor collateral estoppel precluded resumption of tort claimant's suit in state court after Chapter 7 debtors received discharge, even though tort claimant had failed to appeal bankruptcy court discharge order and bankruptcy

[handwritten annotation: BaNKR Judge A Dabrowski caNNot exercise his power IN contravention of the BaNKR Code [25 f 3d 1327] but IN error [And corruption he has] 982 F2d 721] 2d Cir 89"]

APPENDIX—Continued

*re Frigitemp Corp.),* 8 B.R. 284, 287–88 (S.D.N.Y.1981). In such a case, the section 524(a) injunction will act to shield the debtor from such creditors.

The section 524(a) injunction was designed primarily to protect the debtor and the bankruptcy estate. However, a discharge will not act to enjoin a creditor from taking action against another who also might be liable to the creditor.

Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

11 U.S.C. § 524(e). For example, a surety who is secondarily liable to the obligee, is not shielded by the obligor's bankruptcy or section 524 injunction. *See Bowers v. American Surety Co.,* 30 F.2d 244 (2d Cir.), *cert. denied,* 279 U.S. 865 [, 49 S.Ct. 480, 73 L.Ed. 1003] (1929); *see also Underhill v. Royal,* 769 F.2d 1426, 1432 (9th Cir.1985).

**B. Obligation of an Insurer**

In the case at bar, Appellant Owaski concedes that he may not proceed against the assets of the bankruptcy estate. However, Owaski maintains that he may proceed against the debtor to establish the debtor's liability in order to recover from the debtor's insurer.

To determine whether Owaski should be permitted to proceed with his defamation claim, we begin with an examination of section 524 of the Bankruptcy Code. Section 524(a) explicitly renders judgments void only for "the personal liability of the debtor." 11 U.S.C. § 524(a). Accordingly, the statutory language, on its face, does not preclude the determination of the debtor's liability upon which the damages would be owed by another party, such as the debtor's liability insurer.

Moreover, section 524(e) permits a creditor to seek recovery from "any other entity" who may be liable on behalf of the debtor. 11 U.S.C. § 524(e). In discussing the scope of section 524(a) and (e), *Collier's* makes this observation:

the provisions of 524(a) apply only with respect to the *personal liability* of the debtor. When it is necessary to commence or continue a suit against a debtor in order, for example, *to establish liability of another,* perhaps a surety, such suit would not be barred. Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or *to prevent establishing such liability* through whatever means required. 

3 R. Babitt, A. Herzog, R. Mabey, H. Novikoff, & M. Sheinfeld, *Collier on Bankruptcy* ¶ 524.01 at 524-16 (15th ed.1987) (emphasis added). Certainly, the obligation of an insurer can be viewed as such a secondary liability under the provisions of section 524(e). 

Despite statutory language that would suggest otherwise, Appellee Jet Florida contends that because Owaski failed to file any notice of claim in the earlier bankruptcy proceedings, he may not proceed with his defamation action. In support of this position, Jet Florida relies exclusively on *Citibank, N.A. v. White Motor Corp. (In re White Motor Credit),* 761 F.2d 270 (6th Cir.1985). In *White Motor,* the Sixth Circuit had before it an issue similar to the one before this Court. There, 160 individual tort plaintiffs sought to litigate for judgment against the debtor and then to collect the judgment from the debtor's insurers. *Id.* at 274. The court in *White Motor* held that all pre-petition and post-petition claims that had not been filed with the bankruptcy court were barred. *Id.* at 274–75.

We are not prepared to follow the conclusion reached in *White Motor* regarding the preclusive effect of section 524. Although the Sixth Circuit thoroughly canvassed the abstention issues under the Bankruptcy Code, its decision provides only a brief discussion as to the scope and meaning of section 524. The one paragraph discussion in *White Motor* regarding this issue first states that the district court's order allowed personal injury claims to continue, and then offers the naked conclusion that the claims were barred if they had not been filed in time. *Id.* at 274–75. The brief treatment given to the issue may have

APPENDIX—Continued

stemmed from confusion over the district court's order. The Sixth Circuit candidly admitted that they were "unable to determine precisely what the District Court had held on this issue." *Id.* at 274 n. 3. *White Motor* provided no commentary regarding the statutory language of section 524, nor did it offer any rationale of any kind for its holding. Moreover, the conclusion stated in *White Motor* regarding the preclusive effect of section 524 contravenes the holdings and rationale of a line of cases, which this Court will discuss below, involving the continuation of tort actions against a debtor for the purpose of establishing insurer liability.

We believe that the plain language of section 524, as well as an examination of a relevant line of cases, compel us to reject the application of *White Motor* to the facts and circumstances of this case. To begin, in the case of *Wimmer v. Mann (In re Mann)*, 58 B.R. 953, 956 (Bankr.W.D.Va. 1986), the court determined that the intent of the section 524(a) injunction is to prohibit the collecting of a debt as a personal liability of the debtor. *Id.* at 958. There, as here, the plaintiff had not filed a claim prior to the debtor's discharge of debt. However, the court reasoned that the goals of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to establish the debtor's liability when that was a prerequisite to recovery from the insurer. *Id.* at 958; *see also Rowe v. Ford Motor Co.*, 34 B.R. 680 (M.D.Ala.1983); *Elliot [Elliott] v. Hardison*, 25 B.R. 305 (E.D.Va. 1982); *Wilkinson v. Vigilant Insurance Co.*, [236 Ga. 456,] 224 S.E.2d 167 (1976); *Johnson v. Bondurant*, [187 Kan. 637,] 359 P.2d 861 (1961); *Miller v. Collins*, [328 Mo. 313,] 40 S.W.2d 1062 (1931).

According to *Mann*, when an insurer is liable for the debtor's torts, this liability is " 'personal' within the meaning of section 524(a)(2) only to the extent necessary to sustain recovery against the insurer, not the debtor-insured." *Id.* at 957. *See also In re Honosky*, 6 B.R. 667, 670 [Bkrtcy.] (S.D.W.Va.1980). The debtor is not prejudiced by exposure to the liability claim because "[t]he Debtor and his property are not subject to any risk and maintenance of the suit does not frustrate the policy of the Bankruptcy Code in giving the Debtor a fresh start in his economic life." *In re Mann*, 58 B.R. at 958. The *Mann* court concluded that the pending tort action could proceed in order to permit the plaintiff in that action to effect recovery against the insurance company.

The *Mann* decision is far from alone in enabling tort claims to continue against a debtor for the purpose of insurance recovery. The district court in Montana in reviewing a case similar to *Mann* concluded that:

The judgment of the state court was, as a matter of law, null and void as to [the debtor], and the order of discharge of June 7, 1977, and the subsequent order of September 23, 1977, were correct in declaring and in enjoining any action under it as to [the debtor]. If, however, as a matter of state law, the judgment in the state court has the effect of establishing some fact or fixing some liability as to the insurance company, the state courts are free to give that judgment its proper effect to [sic] long as they do not in any way involve [the debtor] in what is done.

*In re Bracy*, 449 F.Supp. 70, 71 (D.Mont. 1978).

In yet another case similar to *Mann* and the case at bar, the tort victim sought to modify the injunction of section 524 for the sole purpose of seeking a judgment not against the debtor, which was her former employer, but against the debtor's insurance company. *In re McGraw*, 18 B.R. 140 (Bankr.W.D.Wis.1982). The bankruptcy court concluded that since neither the debtor nor his property was in any jeopardy of personal liability, the injunction of section 524 could be modified and the suit could continue with the debtor as defendant for the limited purpose of determining liability. *Id.* at 143.

In *West v. White (In re White)*, 73 B.R. 983 (Bankr.D.Col.1987), a plaintiff had filed a lawsuit for personal injuries against de-

IN RE JET FLORIDA SYSTEMS, INC. 975
Cite as 883 F.2d 970 (11th Cir. 1989)

APPENDIX—Continued

fendant who had filed for bankruptcy and did not file a claim before the defendant-debtor's discharge. The defendant-debtor argued that the section 524 injunction barred plaintiff from continuing her claim. *Id.* at 984. The bankruptcy court, relying upon section 524(e), disagreed "to the extent that that lawsuit will affect only the assets and liability of the debtor's insurer, and not the debtor personally." *Id.* at 985. *See also In re Honosky,* 6 B.R. 667 (Bankr. S.D.W.Va.1980) (Plaintiff could proceed to suit to extent of the debtor's insurance coverage); *Elliott v. Hardison,* 25 B.R. 305–06 (E.D.Va.1982) (relief from stay appropriate given that any resulting judgment from the civil action could not be enforced against the debtor or his bankruptcy estate); *In re Glen-Bern Industries, Inc.,* 6 C.B.C. 100, 102 (Bankr.D. Mass.1975) (although decided under § 16 Bankruptcy Act of 1898, the court reasoned that a discharge is personal to the debtor and not to accrue to the benefit of third parties who may have liability based on the bankrupt's liability); *Rowe v. Ford Motor Co.,* 34 B.R. 680 (M.D.Ala.1983).

Appellees have asserted that many of the cases cited above—particularly those involving uninsured motorists—are distinguishable from the case at bar because those cases involved a plaintiff seeking to determine liability of the debtor in order to recover under their own insurance policies and not the insurance policies of the debtors. We are unpersuaded by Appellee's attempt at distinguishing the cases. The analysis provided by the available case law does not hinge upon whose insurer is liable, but rather upon the condition that the debtor not be personally liable in a way that would interfere with the debtor's fresh start in economic life. The mere fact that it would be the Appellee's insurer who is potentially liable for the defamation tort is of no consequence for determining the preclusive effect of section 524. In addition, Appellees ignore two cases. In *In re McGraw,* 18 B.R. 140 (Bankr.W.D.Wis. 1982), the plaintiff in a negligence suit was permitted to seek recovery from her employer's liability insurer. In *In re White,* 73 B.R. 983 (Bankr.D.Col.1987), the plaintiff was permitted to proceed against a debtor to seek recovery from the defendant's liability insurer.

Appellees also maintain that Appellee's insurer will be prejudiced by the continuation of Appellant's defamation suit. The reported cases, however, underscore that the purpose of section 524 of the Bankruptcy Code is to protect the debtor and not to shield third parties such as insurers who may be liable on behalf of the debtor.[1] The cases we have cited take into account that an insurer may be liable if the plaintiff prevails in the continuing tort action. Therefore, the insurer is not considered to be "prejudiced" under section 524 when the permanent injunction is modified to permit a pending action to continue for the purpose of seeking recovery from the debtor's insurer, because the insurer's obligation remains commensurate with the underlying insurance contract. The "fresh-start" policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured.

Far from holding that insurers should be protected from liability, one "court reasoned that the insurance company should not be entitled to gain a benefit that was not intended or in any way computed within the rate charged for its policy." *In re Mann,* 58 B.R. 953, 957 (Bankr.W.D.Va. 1986) (citing *In re Glen-Bern Industries, Inc.,* 6 C.B.C. 100, 103 (Bankr.D.Mass. 1975)). *See also Johnson v. Bondurant,*

---

1. One court noted the following in determining the liability of an insurance company for bankruptcy purposes:

    It is unnecessary to determine specifically that the insurer is a co-debtor, or a guarantor, or in any manner a surety for the assured, but it is clear that the insurer falls within one of these classifications.... Consequently the liability of the [insurer] is not altered by the discharge of the bankrupt.

    *Wilkinson v. Vigilant Insurance Co.,* [236 Ga. 456,] 224 S.E.2d 167, 168 (1976) (*quoting Miller,* 40 S.W.2d at 1065) (referring to predecessor to § 524(e), which was not as broad as § 524(e). *West v. White (In re White),* 73 B.R. 983, 985 (Bankr.D.Col.1987)).

976         883 FEDERAL REPORTER, 2d SERIES

APPENDIX—Continued

187 Kan. 637, 359 P.2d 861 (1961) (liability of an insurer is not altered by the discharge of a bankrupt). The *Mann* court wrote that "[w]ere we to not permit the state court action to proceed, the insurance company would in effect escape potential liability and be unjustly enriched." *In re Mann*, 58 B.R. at 958. Even under section 16 of the former Bankruptcy Act which had more limited language than section 524(e), the court held in *In re Bracy*, 449 F.Supp. 70, 71 (D.Mont.1978), that:

> if an insurance company is as a matter of state law liable to a plaintiff in a personal injury action, subsequent discharge of the assured in bankruptcy does not alter the obligation of the insurance company. It seems clear that it is the policy of the law to discharge the bankrupt but not to release from liability those who are liable with him.

The same result must follow under the broader language of Section 524(e). *In re White*, 73 B.R. 983, 985 (Bankr.D.Col.1987).

We are, however, concerned by the prospect that reversing the decision of the bankruptcy court in this case would frustrate the fresh-start policy embodied in the Code in one way—by requiring the bankrupt to spend sums in defending this lawsuit. We are cognizant that in actions such as these, the cost of litigation can sometimes surpass the actual amount of liability. Therefore, to allow suits of this nature to go forward could possibly have the effect of draining funds that would more properly be used in the revitalization of the reorganized corporation.

Nonetheless, this consideration alone does not require us to affirm the court below for two main reasons. First, we can determine no effective means of determining at this stage whether the bankrupt or the insurance company will pay the cost of the litigation. To have our ruling premised on that determination would provide an incentive for the debtor to claim to assume that burden. If that simple fact barred the plaintiff from going forward on his claim, there would exist no adversarial relationship between the bankrupt and insurer so that we could actually resolve this crucial question, because both of those parties would have an obvious interest in demonstrating that the debtor was liable for litigation costs.

Second, the practical and economic realities compel the *insurance company* to defend the underlying action. *See Matter of Holtkamp*, 669 F.2d 505, 508-09 (7th Cir. 1982); *In re White*, 73 B.R. at 985. The insurance company may be responsible pursuant to a contract with the bankrupt, in which case it is in their direct interest to defend the action. On the other hand, if there is a dispute between the bankrupt and the insurer as to the applicability of coverage, it remains in the interest of the insurer to defend the suit. In a situation such as the one at bar, the debtor would be free to default because the Plaintiff cannot recover directly from the bankrupt estate. In that scenario, we recognize that the insurance company would be compelled to litigate its responsibility under the insurance contract in order to avoid payment. It seems clear that the relationship between the parties in this action—Plaintiff, bankrupt, and insurer—virtually requires that Air Florida will be represented in the defamation action with no cost to it. In short, we find that the possibility that the debtor will be responsible to pay any amount associated with defending this action is so remote that the fresh-start policy is simply not defeated.

### III. CONCLUSION

We find that section 524(a) prohibits a plaintiff from proceeding against a debtor who has received a discharge of debt in order to recover from the bankruptcy estate. However, pursuant to section 524(e), a plaintiff may proceed against the debtor simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable. Accordingly, it is hereby

ORDERED AND ADJUDGED that the order of the bankruptcy court denying Appellants motion for relief from the permanent injunction is REVERSED and this

**[13]** Another equally objectionable provision of the Debtor's reorganization plan lies in its forbearance terms. Section 524(e) of the Bankruptcy Code provides that a bankruptcy discharge does not discharge the obligations of any non-debtor party. Courts have generally construed this statutory provision as prohibiting bankruptcy plans from modifying or releasing the obligations and liabilities of guarantors under third party guarantees and prohibiting bankruptcy courts from enforcing the enforcement of such guarantees.[17] While the Third Circuit has not definitely ruled on the issue of whether non-debtor releases and permanent injunctions are appropriate or permissible, it has stated that at a minimum, any plan which would have to reflect such would have to reflect bankruptcy statute, where injunctions would continue only while debtor was current in its plan payments and would terminate automatically, with no need for further court action if debtor defaulted.)

In the interest of completeness, the Court will consider the confirmability of the Debtor's plan under both variants, permanent and temporary injunctions.

### A. Permanent Injunctions

Section 524(e) of the Bankruptcy Code explicitly states that the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt[.]" 11 U.S.C. § 524(e). Based on this provision, three circuit courts have held that permanent injunctions discharging non-debtors from liability are not allowed in reorganization plans. See Resorts International, Inc. v. Lowenschuss, 67 F.3d 1394, 1401 (9th Cir.1995) (Court has repeatedly held, without exception, that § 524(e) precludes bankruptcy...

porary or status quo injunctions have been sanctioned by the Supreme Court as a permanent injunctions discharging a potential debt of a nondebtor are not allowed by bankruptcy code). Continental Illinois Nat. Bank & Trust Co. of Chicago v. Chicago, R.I. & P. Ry. Co., 294 U.S. 648, 675, 55 S.Ct. 595, 605–606, 79 L.Ed. 1110 (1935); Celotex Corp. v. Edwards, 514 U.S. 300, 310, 115 S.Ct. 1493, 1500, 131 L.Ed.2d 403, (1995); see also In re Seatco, Inc., 259 B.R. 469, 478, modified at 259 B.R. 279 (Bankr.N.D.Tx.2001) (holding that flaws in permanent injunction that effectively relieves the nondebtor from its own liability to the creditor.").

However, other circuit courts have ruled that permanent injunctions against non-debtor parties are allowable under certain circumstances. The Seventh Circuit allowed the non-consensual permanent injunction in its plan, to wit: fairness, necessity to the reorganization, the exchange of reasonable consideration, and specific factual findings by the Bankruptcy Court relative to these factors. See, In re Continental Airlines, 203 F.3d 203, 214 (3d Cir.2000)

Fremont invokes Continental and argues vociferously that its requirement of fairness, necessity, and consideration are not met. The Debtor, on the other hand, insists that Continental is not implicated because, contrary to Fremont's contention, the plan does not include either a release or a permanent injunction in favor of the guarantors. The Debtor is technically correct, insofar as it goes.

The injunctive provisions of plan are characterized by the Debtor as a "forbearance" for a finite term of seven years. The Debtor is correct that the temporary nature of the injunction places it on a somewhat different footing, at least from a jurisdictional perspective. See 25 No. 1...

---

Zale Corp.), 62 F.3d 746, 760 (5th Cir.1995) (injunctions when specific factors are present. Class Five Nevada Claimants v. Dow Corning Corp. (In re Dow Corning Corp.), 280 F.3d 648, 658 (6th Cir.), cert. denied, 537 U.S. 816, 123 S.Ct. 85, 154 L.Ed.2d 21 (2002) (ruling that non-consensual third-party injunctions are appropriate only when unusual circumstances exist and that certain factors must be present to support a finding of "unusual circumstances.";[18] In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 293 (2nd Cir.1992) ("[A] court may enjoin a creditor from suing a third party, provided the injunction plays an important part in the debtor's reorganization."); Menard-Sanford v. Mabey (In re A.H. Robins Company, Inc., 880 F.2d 694, 700–02 (4th Cir. 1989) (permitting permanent injunction against non-debtor party where the plan of reorganization was "overwhelmingly approved" and success of plan hinged on prevention of "suits against parties who would have indemnity or contribution claims against the debtor.").[19] These factors include the following:

(1) The third party made an important contribution to the reorganization;

(2) The release is "essential" or "important" to the reorganization;

and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate."

---

19. In Stuart, LLC v. First Mount Vernon Industrial Loan Association (In re Peramco International), 3 Fed.Appx. 38, 42 (4th Cir. 2001), the Fourth Circuit ruled on consensual permanent injunctions, stating: "Section 524(e), a general provision that does not apply only to Chapter 11 proceedings, does not...

---

17. ... footnote about post-confirmation automatic stay "may not be extended ... bankrupt party are closely related ..."

18. ... (Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir.), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); In re Trace Dev. Partners, 87 B.R. 892 (Bankr. E.D.Va.1988). Such circumstances usually include when the debtor and the non-bankrupt party are closely related ...

See Patton v. Bearden, 8 F.3d 343, 349 (6th Cir.1993), the Sixth Circuit observed: "Some courts have held that the debtor's stay may be extended to non-bankrupt parties in 'unusual circumstances.' See A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir.), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); In re Trace Dev. Partners, 87 B.R. 892 (Bankr. E.D.Va.1988). Such circumstances usually include when the debtor and the non-bankrupt party are closely related..."

In Patton v. Bearden, 8 F.3d 343, 349 (6th Cir.1993), the Sixth Circuit observed that the discharge of a debt, a consensual release does not inevitably bind individual creditors. It binds only those creditors voting in favor of the plan of reorganization. The Second, Fourth and Sixth Circuits permit non-consensual permanent...

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
TYRONE P. GRANT,                :
                                :
            Plaintiff,          :
                                :
v.                              :    Civil No. 3:01CV00935(AWT)
                                :
M. H. CHODOS INS. AGENCY        :
and PROGRESSIVE INS. CO.,       :
                                :
            Defendants.         :
                                :
-------------------------------x
```

### ORDER RE MOTION FOR WRIT OF MANDAMUS

The plaintiff Tyrone Grant's Motion for Writ of Mandamus (Doc. No. 45) is hereby DENIED because this case is closed. Judgment entered in favor of the defendants on September 9, 2002, and the plaintiff attempted, unsuccessfully, to appeal. If the plaintiff wishes to pursue his contentions further, he must determine whether he is able to file a new action.

It is so ordered.

Dated this 15th day of September 2006, at Hartford, Connecticut.

                              _____/s/_____
                              Alvin W. Thompson
                              United States District Judge

# Certification

this is to certify all parties notified

the U.S. District Court 450. Main St Hartford

D. Martinez, A. Thompson.    3:01CV00935(AWT)

the Progressive Ins. Co. 6300. Wilson Mills Rd N 72 Mayfield Village OH. 44143-   Atty S. Gold - 440-461-5000

M.A. Chodos Ins Agency. 27 Trumble St New Haven CT 06511

✱ Certification of Service Pro Se Jeyouf Swit. 191 Whalley Ave suite 181 New Haven CT 06511

thankyou sincerly I Remain Jeyouf Swit. 9.21.06

Osborn CC Po box 100 Somers ct 06071 -  #109727-E9

Thankyou.    Jeyouf Swit - 9.26.06