14 Pages

U.S. District Court. Dist. of CONN. 10,13,06

TYRONE Grant. v. Progressive INS. CO. No. 301cv00935(AWT)

Motion In Support of Motion For Reconsideration For writ of mandamus. 28USCA 1361] the Plaintiff. Has A Clear Right to Relief. And by Law. CGS.38A-321. liability of Insurer. under liability policy] should be construed In A light most favorable to plaintiff.] A Protected Right to this Relief denied.

*[NOW] As discovered. 524(E) of U.S. BankR. Code] Permits. Recovery Against the Progressive INS. CO. Asserted. [With In] the competency of this Judiciary to enforce *the operation of federal BankR. Laws] this Dist. Court owed A duty to Plaintiff.* to Enforce this Judgment 950,000.00] 524(E) Is sufficient Immediacy] and Reality to Render Adjudication AS A matter of Law] IN Favor of TYRONE Grant] show *this duty Is so plainly prescribed As to be free from doubt] there Is No other Adequate Remedy Available] In the Interest of Fairness And Justice] Relief Sought

*this Court should take Judicial Notice] ① this case Involves (ONLY) TY-Grant And Progressive INS. CO. (Not) M.A. Chodos. INS Agency] this comes As striking] there Is (No) Suit. ① Initiated by Plaintiff. (NO) Appearance In File by Chodos Agency] And (No) Pleadings AS A matter of Law] How can there be A motion by M.A. Chodos. to dismiss] granted. *the Court Ignored the full Record Law of Case] Ignored the Applicable Principles of Law ② 28USC 1653] Jurisdiction Existed All Parties ARE From the state of CONN] this Court Never Addressed Issue of A question of Subject matter Jurisdiction] It Is of concern] the Court of Appeals granted defendant motion to dismiss the Appeal For lack of Jurisdiction Shown I Allege diversity of citizenship] I do Establish that) Federal) Jurisdiction did Exist] cited [228 F.2d 6 the merits of the Appeal Have (Not) been Addressed] the defendants ARE (Not) Successfull by Law) *28USCA 1361 Relief by writ of Mandamus Is Properly] before this court...

# PlainstatEment

PursuANt to CGS 52-265(A) this IS A CASE of Substantial Public Interest
* the courts Have Allowed similar situated Plaintiff to Proceed by 524(E) to sustain Effect, Recovery] From debtors INsurance Co] this case should be (NO) different, Congress through statute Providing Chapter 11 discharge] And through statute governing Effect of discharge sought to free debtor of Personal obligations] While [Ensuring] * that (NO) ONE Else Reaped similar benefit, Bankr Code 11USCA 524 727]
Section 524(E) citing [883 F2d 970] Was Intended For Benefit of the debtor] but Was (Not) meant to Affect the liability] of third Parties] OR to Prevent Establishing * Such liabilities through whatever means Required] the Law of case] has Established (this) liability IN favor of TYRONE Grant] Against the Progressive INS CO] And All [IN Privity] * TYRONE Grant files this direct Complaint, As Aggrieved Party] Alleging that All defendants * that ARE Absolutely liable Have Escaped liability] Reaped similar Benefit] contrary to * this Act of Congress] IN direct Violation of the laws of the united States] clearly Proved; * Now Compelling the Dist. Court] to set Aside this Illegal Judgment As Alleged * to be unconstitutional] And order Judgment IN favor of TY Grant 950,000.00] Accordingly * the Action of the Dist Court Has Resulted IN A miscarriage of Justice] Written Notice IS NOW Provided to defendants to Pay] this Judgment IN Full] Judge thompson IS directly Accountabl TYRONE Grant Has been Illegally INJured IN the operation of the Dist Court] Judicial Notice * As Alleged NOW Proved Fountain garage Chapter 11 Petition filed For Purpose of Frustrating * Legitimate Process] of NON Bankruptcy Forum] Constituting A use of Reorganization Vehicle that IS INCONSistent] With the Congressional Intent] Representing A direct Misuse of chapter 11 Process] cited [330 BR 351] Constituting obstruction of Justice Now Prov * the CONN Supreme Court will directly Intervein As Required As A matter of State Law * Newspaper Headlines Jan 1996] Court makes city man Rich] If he Ever gets his money] said city of NH Feb 11 1999 said Phillpot while For mr Grant this ENTIRE matter IS A simple straight forward matter of the Parties cutting A check For more than ONE million dollars to him] Neither the court # NOR the undersigned Have Found his legal claims to be [illegible]

(2)

*the BankR. CouRt Had Aduty] to ensure Ty-Grant Was AwarE] of the conFlict of Interest] And that A Potential threat to the Protections] of his Interest were At stake 567 F2d 1183] 2d cir

TYRONE Grant Notifies this CouRT As A matter of law I Have been deprived of the N] of effective Assistance of counsel by m. Philpot. 409 orange St New Haven

*Judicial Notice Res Judicata doEs Not Bar Resumption of this Action by law

*fact BankR discharge ARises by operation of federal BankR Law] Not by contractual consent of Creditors] section of BankR Act governing codebt guarantors And sureties for BankR. Fountain garage] Provides the discharge has (No) Effect upon liability of codebtor- sureties] 16.11 USCA (1976 Ed)

Ty-Grant Receipt of 80,000.00] Approved by BankR Court Nov. 20 1996] did (Not)

*Estop (me) from collecting the Rest of debt from guarantors] Judicial Notice Citing BankR Act. 16.301 Et seq 11 USC (1976) 34, 701 et seq] A Predicate Adjudicati

*Proceedent. As Per Chief Judge Cummings] 7th Cir] 686 F2d 595] this Court And the U.S. Court of Appeal Will take Judicial Notice For Equal Protection of the Law] sought

*1978 BankR Reform Act was ReeNActment of sec (16) of 1898] Act which Provided the liability of A Person Who IS A Codebtor] or with OR Guarantor OR IN Any manner As surety for A bankRupt, Shall (Not) be Altered by discharge (Act of July 1 1998] ch 541, 16 30 Stat, 550, 11 USC 34 (1976) Also citing [65 F2d 400] 2d Cir 1933] Judicial Notice

Philpot City Lawyer 1985-1994] for City of New Haven] citing conflicting loyalties] tainted the Court Proceeding Which m.H. Chodos Relied on] (conflict of Interest] Affected Philpots (Rule 3,4(

*Presentation of this casE] see [625 F2d 433] 2d Cir 1980] Fraud misRepresentation] Allege Issue Law of CasE IN Philpot Hands.] And 524(E) Inimical to Plaintiff litigation Position - unlawfully - fraudulently concealed From Ty-Grant] Violating Rule of Prof. conduct Prohibiting

*Attorney from concealing Relevant Evidence Law of CasE] And 524(E) this Proscribed statutE From Ty-Grant causing Injury And loss of 950,000.00] by Legal malpractice] corruption] this violation of code of Prof. Responsibility] Prevented A fair trial constitutes Reversable Error]

*602 P2d 122] 1997] the summary Judgment by m.H. Chodos And the city of New Haven] ARE

*void (No) longer Having Perspective Application] According to 524(E) of the U.S. BankR. Code

For All foregoing Reasons, this CasE warranted Full Judicial Review] A certification to Dist. Court For Prof. Legal malpractice Action Against m. Philpot [Requested] Also this Full Relief of Judgment

*the Dist court can(not) Act In contrav(3)ention of the BankR Code 524(e) -982 F2d 721] 2d ciR
The court may consider questions of Law] (Not) Raised by Parties
*In order to Prevent Injustice] cited 312. U.S. 552, 536. 57. 61. SCt 719. 721. 85.
L Ed. 1037.] 1941] there Is (No) Action Filed In this Dist court] by 7x Grant. v. M.H. Chodo
*524(e) of BankR. Code Prohibited this court. From Preventing the Enforcement] 322 BR 57
of such guarantees] by Insurance co. Alike Progressive Ins. co.] As A matter
of Law] Evidentairy Issue] 1998 Affidavit From Progressive Ins. co. Said the
Progressive Ins. co. did (Not) Issue Nor Was It Requested to Issue] by Fountain
Garage Inc. oR Its Agent, A garage liAbility Policy] to Fountain (As) It Was Requested
to do Progressive Issued AN Automotive liAbility] Ins. Policy] this would Have been Presented
Law of case Plaintiff third Party Beneficiary under Progressive Ins. Policy] subsequently A.
duty Is owed to Plaintiff] thats Law of case] 38A-321] liAbility of InsuReR under liAbility Polic
*11 USC 524(e) A surety who Is secondarily liAble to obligee Is (Not) Shielded by the obligoRs
bankruptcy oR Section 524(e) Injunction] 30 F 2d 244] 2d ciR] this court Has committed #
A clear Error of Law And Fact] Allowing defendant to escape liAbility] Resulting In
*UNjust ENRichment]. 7x Grant suffered FinanciAl Harm] IrrepaRRible Harm Allege
As A matter of state Law this Judgment by Law of case] Has the effect of Establishing Prove
*some Fact And Fixing some liAbility As to the Insurance co] must be Respected And Paid *
citing 449 FSupp 70.] 1978] the couRt Failed to Recognize this Law of case] Clearly shown *
*According to mann 58 BR 953] When AN Insurer Is liAble FoR the debtoRs torts this liAbility
Is Personal within meaning of Section 524(e) only to extent. Necessary to sustain Recovery
Against the InsuReR] As A matter of Law M.H. Chodos AGENCY Has (No) chance of success
*Against the operation of 524(e) oR State Law 38A-321] liAbility of InsureR] Applied Properly:
*the LiAbility Risk Retention Act Is Held to control over ANY Exclusionairy Provision] when *
by Law Policy Is Inconsistent with Requirements] Seth Forth by 29-109 city of N.H. ordin.
FoR All the foregoing Reasons. 950.000.00.] Is outstanding] with Interest to date
* PrayeR FoR the Excution Retention] Pursuant to 28 USCA 1291] ARE Properly sough
thank you sincerely I Remain Your [signature] 10.13.06. Prose Plaintiff.

Case 3:01-cv-00935-AWT   Document 48   Filed 10/25/2006   Page 5 of 18

tor with unliquidated claim received discharge of all scheduled claims, tort claimant moved in state court to continue negligence action, debtors moved in bankruptcy court for enforcement of permanent injunction, and tort claimant cross-moved in bankruptcy court for modification of injunction pursuant to statute governing effect of discharge that protects debtor from any personal liability on debt. The Bankruptcy Court, Edward D. Hayes, J., denied tort claimant's cross motion and held that discharge injunction barred tort claimant from maintaining her negligence action. On appeal, the United States District Court for the Western District of New York, Michael A. Telesca, Chief Judge, vacated that order and held that discharge did not operate to enjoin tort claimant from resuming negligence suit, insofar as that action remained confined to obtaining judgment to be paid by debtors' liability insurer. The Court of Appeals, Oakes, Chief Judge, held that: (1) statute governing effect of discharge permits plaintiff to proceed against discharged debtor solely to recover from debtor's insurer; (2) tort claimant would be permitted to continue her suit against debtors who had received Chapter 7 discharge without being required to obtain modification of discharge injunction, but only to prove liability as prerequisite to recovery from debtors' liability insurer; and (3) neither res judicata nor collateral estoppel precluded resumption of tort claimant's suit after Chapter 7 debtors received discharge, even though tort claimant had failed to appeal bankruptcy court discharge order and bankruptcy court order denying tort claimant's erroneous postdischarge request for relief from stay.

Affirmed.

**1. Bankruptcy** ⚷2364, 2437

Tort claimant's motion after debtors received Chapter 7 discharge for relief from automatic stay was improper; discharge had extinguished stay and replaced it with permanent injunction protecting debtor from any personal liability on debt. Bankr.Code, 11 U.S.C.A. §§ 362(c)(2)(C), 524(a), 727.

**2. Bankruptcy** ⚷3411

Congress through statute providing for Chapter 7 discharge and through statute governing effect of discharge sought to free debtor of personal obligations while ensuring that no one else reaped similar benefit. Bankr.Code, 11 U.S.C.A. §§ 524, 727.

**3. Bankruptcy** ⚷3412

Senate report's statement, that provision that discharge of debt does not affect liability of any other entity on, or property of any other entity for, such debt provides that discharge of debtor does not affect codebtors or guarantors, represents nonexhaustive description of the most common types of third parties to which the provision applies and does not preclude application of that provision to third parties who might be indirectly liable to plaintiff, such as debtor's liability insurer. Bankr.Code, 11 U.S.C.A. § 524(e).

**4. Bankruptcy** ⚷3412

Statute governing effect of discharge permits plaintiff to proceed against discharged debtor solely to recover from debtor's insurer. Bankr.Code, 11 U.S.C.A. § 524.

**5. Bankruptcy** ⚷2364

Tort claimant would be permitted to continue her suit against debtors who had received Chapter 7 discharge without being required to obtain modification of discharge injunction, but only to prove liability as prerequisite to recovery from debtors' liability insurer; delay of approximately eight months between time that bankruptcy court issued discharge order and motion seeking modification of injunction should not forever bar tort claimant from continuing suit, where that delay had resulted in no prejudice to debtor or insurer. Bankr. Code, 11 U.S.C.A. § 524.

**6. Judgment** ⚷829(3)

Neither res judicata nor collateral estoppel precluded resumption of tort claimant's suit in state court after Chapter 7 debtors received discharge, even though tort claimant had failed to appeal bankruptcy court discharge order and bankruptcy

BankR Judge A Dabrowski can(not) exercise his power in contravention of the BankR Code [25 F.3d 1327] but in error [and corruption he has [982 F.2d 72] ...

APPENDIX—Continued

stemmed from confusion over the district court's order. The Sixth Circuit candidly admitted that they were "unable to determine precisely what the District Court had held on this issue." *Id.* at 274 n. 3. *White Motor* provided no commentary regarding the statutory language of section 524, nor did it offer any rationale of any kind for its holding. Moreover, the conclusion stated in *White Motor* regarding the preclusive effect of section 524 contravenes the holdings and rationale of a line of cases, which this Court will discuss below, involving the continuation of tort actions against a debtor for the purpose of establishing insurer liability.

We believe that the plain language of section 524, as well as an examination of a relevant line of cases, compel us to reject the application of *White Motor* to the facts and circumstances of this case. To begin, in the case of *Wimmer v. Mann (In re Mann),* 58 B.R. 953, 956 (Bankr.W.D.Va. 1986), the court determined that the intent of the section 524(a) injunction is to prohibit the collecting of a debt as a personal liability of the debtor. *Id.* at 958. There, as here, the plaintiff had not filed a claim prior to the debtor's discharge of debt. However, the court reasoned that the goals of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to establish the debtor's liability when that was a prerequisite to recovery from the insurer. *Id.* at 958; *see also Rowe v. Ford Motor Co.,* 34 B.R. 680 (M.D.Ala.1983); *Elliot [Elliott] v. Hardison,* 25 B.R. 305 (E.D.Va. 1982); *Wilkinson v. Vigilant Insurance Co.,* [236 Ga. 456,] 224 S.E.2d 167 (1976); *Johnson v. Bondurant,* [187 Kan. 637,] 359 P.2d 861 (1961); *Miller v. Collins,* [328 Mo. 313,] 40 S.W.2d 1062 (1931).

According to *Mann,* when an insurer is liable for the debtor's torts, this liability is " 'personal' within the meaning of section 524(a)(2) only to the extent necessary to sustain recovery against the insurer, not the debtor-insured." *Id.* at 957. *See also In re Honosky,* 6 B.R. 667, 670 [Bkrtcy.] (S.D.W.Va.1980). The debtor is not prejudiced by exposure to the liability claim because "[t]he Debtor and his property are not subject to any risk and maintenance of the suit does not frustrate the policy of the Bankruptcy Code in giving the Debtor a fresh start in his economic life." *In re Mann,* 58 B.R. at 958. The *Mann* court concluded that the pending tort action could proceed in order to permit the plaintiff in that action to effect recovery against the insurance company.

The *Mann* decision is far from alone in enabling tort claims to continue against a debtor for the purpose of insurance recovery. The district court in Montana in reviewing a case similar to *Mann* concluded that:

NOTICE

> The judgment of the state court was, as a matter of law, null and void as to [the debtor], and the order of discharge of June 7, 1977, and the subsequent order of September 23, 1977, were correct in declaring and in enjoining any action under it as to [the debtor]. If, however, as a matter of state law, the judgment in the state court has the effect of establishing some fact or fixing some liability as to the insurance company, the state courts are free to give that judgment its proper effect to [sic] long as they do not in any way involve [the debtor] in what is done.

*In re Bracy,* 449 F.Supp. 70, 71 (D.Mont. 1978).

In yet another case similar to *Mann* and the case at bar, the tort victim sought to modify the injunction of section 524 for the sole purpose of seeking a judgment not against the debtor, which was her former employer, but against the debtor's insurance company. *In re McGraw,* 18 B.R. 140 (Bankr.W.D.Wis.1982). The bankruptcy court concluded that since neither the debtor nor his property was in any jeopardy of personal liability, the injunction of section 524 could be modified and the suit could continue with the debtor as defendant for the limited purpose of determining liability. *Id.* at 143.

In *West v. White (In re White),* 73 B.R. 983 (Bankr.D.Col.1987), a plaintiff had filed a lawsuit for personal injuries against de-

1112, 1118 (5th Cir. 1981). Accordingly, it has been held that provisions for seniority rights "designed or operated to discriminate on an illegal basis is not a 'bona fide' system." *Acha v. Beame*, 570 F.2d 57, 64 (2nd Cir. 1978); and see *United Airlines, Inc. v. Evans*, 431 U.S. 553, 559, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977).

[3] Section 703(c)(1) of Title VII, 42 U.S.C. § 2000e-2(c)(1), provides that:

> It shall be an unlawful employment practice for a labor organization—
>
> to exclude . . . from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin; . . . .

Thus, it is clearly a violation of this section for a union, international or local, to maintain a seniority system for the purpose of excluding Negroes from membership because of their race; and certainly, such a system is not protected by the exception in section 703(f) of Title VII. *Hameed v. Intern. Ass'n of Bridge, etc.*, 637 F.2d 506 (8th Cir. 1980); *Glus v. G. C. Murphy Co.*, 629 F.2d 248 (3rd Cir. 1980); *Freeman v. Motor Convoy, Inc.*, 409 F.Supp. 1100 (N.D.Ga. 1975); *United States by Clark v. United Papermakers & Paperworkers*, 282 F.Supp. 39 (E.D.La.1968). Therefore, after findings that the Blacksmiths negotiated and maintained their seniority system for the illegal purpose, and with the intent and effect, of discriminating against Negroes because of their race, the district court could only conclude that the system is not bona fide within the meaning of section 703(h) of Title VII. *International Bro. of Teamsters v. United States*, 431 U.S. 324, 346, 97 S.Ct. 1843, 1860, 52 L.Ed.2d 396 (1977); *Sears v. Atchison, Topeka & Santa Fe Ry. Co.*, 454 F.Supp. 158, 179 (D.Kan.1978); *rev'd on other grounds*, 645 F.2d 1365 (10th Cir. 1981). For these reasons, the judgment of the district court is affirmed.

**UNION CARBIDE CORPORATION, Plaintiff-Appellee,**

v.

**F. Allen NEWBOLES and Mary V. Newboles, Defendants-Appellants.**

**No. 81-2851.**

United States Court of Appeals, Seventh Circuit.

Submitted May 3, 1982.*

Decided Aug. 16, 1982.

Guarantors of bankrupt debtor appealed from judgment of the United States District Court for the Southern District of Indiana, Evansville Division, Gene E. Brooks, J., granting summary judgment in favor of creditor. The Court of Appeals, held that: (1) creditor's approval of debtor's Chapter 11 plan of arrangement did not operate to discharge guarantors even though proposed plan purported to discharge claims against guarantors, and (2) creditor's receipt of discharged payment of $14,337.01 did not estop it to collect rest of debt from guarantors.

Affirmed.

**1. Bankruptcy ⚯428**

Section of Bankruptcy Act governing codebtors, guarantors and sureties for bankrupts provides the discharge of debtor itself has no effect upon liability of cosigners on note. Bankr.Act, § 16, 11 U.S.C. (1976 Ed.) § 34.

**2. Bankruptcy ⚯691**

Creditor's approval of bankruptcy plan does not discharge bankrupt's guarantors.

**3. Bankruptcy ⚯404(1)**

Bankruptcy discharge arises by operation of federal bankruptcy law, not by contractual consent of creditors.

* On April 28, 1982, we granted appellants' motion to consider the case on the basis of the briefs and record alone.

* Judicial Notice, this court may consider questions of law not raised by parties in order to prevent injustice cited 312. U.S. 552. 536. 57. 61 S.Ct. 719, 721, 85 L Ed 1037 1941

* the Bankr court Had A duty to ensure the client, creditor. Is Fully Aware of the conflict of Interest by Phil Pot that he understandes the threat to the Protection of his Interests 567 F2d 112[illegible]

**4. Bankruptcy ⟹647, 691**

Majority of creditors must approve of debtor's plan for debtor to be discharged, so that in many instances one creditor's approval or disapproval will have no effect even in bankruptcy proceeding; thus, where single creditor's vote is determinative, imputing extra-bankruptcy significance to it, to effect that acceptance of plan discharges bankrupt's codebtors, violates specific command of section of Bankruptcy Act that provides liability of guarantor shall not be altered by discharge of bankrupt. Bankr.Act, § 16, 11 U.S.C. (1976 Ed.) § 34.

**5. Bankruptcy ⟹428, 691**

Import of section of Bankruptcy Act governing codebtors, guarantors or suretors for bankrupt is that mechanics of administering federal bankruptcy laws, no matter how suggestive, do not operate as private contract to relieve codebtors of bankrupt of their liability; thus, even though debtor's Chapter 11 plan expressly purported to discharge guarantors of bankrupt, guarantors were not discharged. Bankr.Act, §§ 16, 301 et seq., 11 U.S.C. (1976 Ed.) §§ 34, 701 et seq.

**6. Bankruptcy ⟹428**

Payment which effects discharge is not consideration for any promise of creditors, much less for one to release nonparty obligors; thus, creditor's receipt of discharge payment of $14,337.01 did not estop it to collect rest of debt from guarantors of debtor.

---

F. Wesley Bowers, Evansville, Ind., for defendants-appellants.

Stephen W. Terry Jr., Baker & Daniels, Indianapolis, Ind., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, COFFEY, Circuit Judge, and TEMPLAR,** Senior District Judge.

PER CURIAM.

Union Carbide Corporation loaned som $225,000 to New-Kro Oil Company. Nev Kro gave Union Carbide a promissory not in return for the loan, and the President c New-Kro and his wife, F. Allen and Mar V. Newboles, personally guaranteed New Kro's repayment of the loan. When New Kro defaulted on its repayment of the loar Union Carbide brought this diversity actio against Mr. and Mrs. Newboles and New Kro on October 31, 1978 in an attempt t recover the approximately $70,000 still ow ing on the note. On November 8, 1978 New-Kro petitioned for relief under Chapter XI of the Bankruptcy Act of 1898. New-Kro filed an amended proposed plan of arrangement for settlement of its unsecured debt on September 14, 1979. The plan allowed a twenty percent return on unsecured claims, and contained the following provision:

*Impact of Arrangement on Guaranty Holders*

Acceptance and confirmation of this Arrangement shall constitute a full settlement, satisfaction and discharge of all claims, demands, actions, causes of action or otherwise against not only the Debtor, but also against any other persons or entities who have entered into guaranty or indemnity agreements with unsecured creditors or who have endorsed commercial paper for the benefit of the Debtor. It is the intent of this Arrangement that, upon its acceptance and confirmation, any creditors asserting claims arising out of agreements against persons or entities other than the Debtor by reason of indebtedness of the Debtor, shall be required to look solely to the Debtor for payment of such indebtedness under the terms of this Arrangement.

The plan was approved by a majority of the creditors, including Union Carbide, and was confirmed by the bankruptcy court. Pursuant to the plan New-Kro paid Union Carbide $14,337.01, leaving $55,715.90

** The Honorable George Templar, Senior District Judge of the United States District Court for the District of Kansas, is sitting by designation.

Judicial Notice

paid principal on the note. The district court then granted summary judgment for Union Carbide against Mr. and Mrs. Newboles in the amount of the unpaid principal plus interest of $3,734.98, and Mr. and Mrs. Newboles appeal.

[1, 2] On appeal, Mr. and Mrs. Newboles argue that their liability as guarantors on the note was erased by Union Carbide's approval of the bankruptcy plan. In particular, Mr. and Mrs. Newboles argue that Union Carbide's approval of the above-quoted provision in the plan and acceptance of New-Kro's discharge payment worked an accord and satisfaction under Indiana law, which the district court must respect when sitting in diversity. But Section 16 of the Bankruptcy Act of 1898, 11 U.S.C. § 34 (repealed effective October 1, 1979), is to the contrary. Section 16 provides that "[t]he liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." [1] Section 16 makes clear that the discharge of New-Kro itself had no effect upon the liability of Mr. and Mrs. Newboles on the note, and indeed we have held that the bankruptcy court has no power to discharge the liabilities of a bankrupt's guarantor. *In re Diversey Building Corp.*, 86 F.2d 456, 458 (7th Cir. 1936), certiorari denied, 300 U.S. 662, 57 S.Ct. 492, 81 L.Ed. 870. We hold that a creditor's approval of the bankruptcy plan does not discharge the bankrupt's guarantors either.

[3-5] A bankruptcy discharge arises by operation of federal bankruptcy law, not by contractual consent of the creditors. *In re Kornbluth*, 65 F.2d 400, 402 (2d Cir. 1933). A creditor's approval of the plan cannot be deemed an act of assent having significance beyond the confines of the bankruptcy proceedings, simply because the gamesmanship imported from state contract law into the bankruptcy proceedings would be intolerable. Since a majority of the creditors must approve the debtor's plan for the debtor to be discharged, in many instances one creditor's approval or disapproval will have no effect even in the bankruptcy proceeding. In the case that a single creditor's vote is determinative, imputing extra-bankruptcy significance to it for that reason violates the specific command of Section 16 that "[t]he liability of a * * * guarantor * * * shall not be altered by the discharge of [the] bankrupt." This case is no different because the plan expressly purports to discharge guarantors of the bankrupt. The import of Section 16 is that the mechanics of administering the federal bankruptcy laws, no matter how suggestive, do not operate as a private contract to relieve co-debtors of the bankrupt of their liabilities. See *R. I. D. C. Industrial Development Fund v. Snyder*, 539 F.2d 487, 490 n. 3 (5th Cir. 1976) (creditor's approval of Chapter XI bankruptcy arrangement that purported to eliminate the underlying debt did not prevent the creditor from having recourse against the guarantor), certiorari denied, 429 U.S. 1095, 97 S.Ct. 1112, 51 L.Ed.2d 542; *United States v. George A. Fuller Co.*, 250 F.Supp. 649, 656, 658 (D.Mont.1966).

[6] Similarly, the payment which effects a discharge is not consideration for any promise by the creditors, much less for one to release non-party obligors. *In re Kornbluth*, 65 F.2d 400, 402-403 (2d Cir. 1933); *Post v. Losey*, 111 Ind. 74, 12 N.E. 121 (1887). Thus Union Carbide's receipt of the discharge payment of $14,337.01 does not estop it to collect the rest of the debt from Mr. and Mrs. Newboles.

Therefore we affirm the order of the district court granting summary judgment for Union Carbide.

KEY NUMBER SYSTEM

1. Section 16 was rewritten and reenacted in the Bankruptcy Reform Act of 1978 at 11 U.S.C. § 524(e).

Philpot City Lawyer
1985-1994 Legal malpractice
Proved Prima Facie.
Clear And Convincing Evidence
Law of Case Unreported State Law
Violation Philpot Also Failed to
Protect Client Interest [Malpractice]
Alleged he Engaged with Judges [Gilbert. And Blue] In Conduct.] that Is A Violation of Ethics [Rules And Judicial Canons] conduct Prejudicial to Administration of Business of the Superior Cou[rt]
The States Application of obstruction [of Justice covers] All Interference] With Administration of Just[ice]

the release was approved by the creditors when they accepted the proposed reorganization plan for NMESC which included a release from personal liability. This plan was approved by the bankruptcy court although the parties stipulated that the validity of the release would be left to the district court in the Underhill class action. The district court rejected the release, concluding as a matter of law that the release was ineffective because the bankruptcy court could not discharge the liability of a nondebtor as part of a reorganization plan to discharge the liability of the debtor.

[3] Generally, discharge of the principal debtor in bankruptcy will not discharge the liabilities of co-debtors or guarantors. 11 U.S.C. § 524(e) provides: "Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." This section of the 1978 Bankruptcy Reform Act was a reenactment of Section 16 of the 1898 Act which provided that "[t]he liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." Act of July 1, 1898, ch. 541, § 16, 30 Stat. 550 (formerly codified at 11 U.S.C. § 34 (1976)).

In addition, the Bankruptcy Act of 1898, as amended, provided that a corporation's discharge in bankruptcy "shall not release its officers, the members of its board of directors or trustees or of other similar controlling bodies, or its stockholders or members, as such, from any liability under the laws of a State or of the United States." Act of June 22, 1938, ch. 575, § 4(b), 52 Stat. 845 (formerly codified at 11 U.S.C. § 22(b) (1976)). Thus, under the old Act, stockholders or directors could remain liable for substantive violations despite discharge of the corporate entity. 1A J. Moore *Collier on Bankruptcy* ¶ 16.14, at 1551 (14th ed. 1978).

[4] The above statutory provisions underscore the limitations on the bankruptcy court. When a bankruptcy court discharges the debtor, it does so by operation of the bankruptcy laws, not by consent of the creditors. *Union Carbide Corp. v. Newboles,* 686 F.2d 593, 595 (7th Cir.1982) (per curiam). *See also In re Kornbluth,* 65 F.2d 400, 401 (2d Cir.1933). "The import of Section 16 [of the 1898 Act] is that the mechanics of administering the federal bankruptcy laws, no matter how suggestive, do not operate as a private contract to relieve co-debtors of the bankrupt of their liabilities." *Union Carbide,* 686 F.2d at 595 (citing *R.I.D.C. Industrial Development Fund v. Snyder,* 539 F.2d 487, 490 n. 3 (5th Cir.1976), *cert. denied,* 429 U.S. 1095, 97 S.Ct. 1112, 51 L.Ed.2d 542 (1977)); *Beconta, Inc. v. Schneider,* 41 B.R. 878, 879 (D.C.E.D.Mich.1984). Consequently, "the payment which effects a discharge is not consideration for any promise by the creditors, much less for one to release nonparty obligors." *Union Carbide,* 686 F.2d at 595.

[5] In *Union Carbide,* for example, the Seventh Circuit held ineffective a release of a guarantor despite its acceptance by the creditors and its confirmation by the bankruptcy court. The bankruptcy court "has no power to discharge the liabilities of a bankrupt's guarantor." 686 F.2d at 595; *R.I.D.C. Industrial Development,* 539 F.2d at 490 n. 3 ("The bankruptcy court can affect only the relationships of debtors and creditor. It has no power to affect the obligations of guarantors."). Similarly, the bankruptcy court has no power to discharge the liabilities of a nondebtor pursuant to the consent of creditors as part of a reorganization plan. The broad language of § 524(e), limiting the scope of a discharge so that it "does not affect the liability of any other entity," encompasses this result.

## IV. ROYAL'S LIABILITY

Royal claims that the jury improperly found him to be vicariously liable for NMESC's violation of the securities laws because the jury instructions regarding control person liability were inadequate, and because the evidence was insufficient

Grant commenced the present action on December 12, 1995 by service of process against several defendants, including Pastore and the City. His amended complaint of July 3, 1998, contains two counts that are relevant to the motion now before me. The first count, directed against Pastore, alleges that Pastore "was negligent in failing to require Fountain's to obtain appropriate insurance coverage." The second count, directed against the City, seeks indemnification pursuant to Conn. Gen. Stat. § 7-465. Grant alleges no independent breach of duty by the City. Because the viability of the second count necessarily turns on the viability of the first, only the first count need be discussed here.

On March 20, 1998, Pastore and the City filed the motion for summary judgment now before me. The motion claims both the running of the statute of limitations and the absence of any duty owed by Pastore to Grant. The motion was heard on July 13, 1998.

Grant's first problem is a problem of substantive law. The gravamen of the first count of Grant's complaint is that Pastore negligently failed to enforce New Haven Ordinances § 29-109. That ordinance provides, in pertinent part, that, "No license shall be issue to an applicant [for a towing license] until he shall have deposited with the chief of police...(b)...[a] garage liability policy, covering the operation of applicant's business, equipment, or vehicles, for any bodily injury or property damage. This policy shall be in an amount acceptable to the board of police commissioners."

As described in the Chodos decision, Fountain's was covered by a policy with Progressive Casualty Insurance Co. The problem, from Grant's point of view, is that the Progressive policy had certain exclusions, including an exclusion for intentional acts. (The actual policy, which is not itself in evidence, may have had other exclusions as well, but since the



OFFICE OF THE CORPORATION COUNSEL

Counsel conflict of Interest Actually Affected Adequacy of Representation Need Not demonstrate Prejudice In order to obtain Relief for Ineffective Assistance of Counsel USCA Amend 6 Const. Pt. 1 Art 15 State v Pitt 635 A2d 1356

Judicial Notice #

Undisclosed Information Important to Plaintiff

A Violation of discovery Rule Requirements - fraud on the Court

Fraudulent concealment of a cause of Action (52-13?)

* Breach of fiduciary duty to client Grant

obstruction of Judicial Process

CITY OF NEW HAVEN

John DeStefano, Jr.
Mayor

Thayer Baldwin, Jr.
Corporation Counsel

LAW DEPARTMENT
Philip R. Pastore, III
Sybil V. Richards
Thomas W. Ude, Jr.
John R. Ward
Deputy Corporation Counsel

Paula Marie Turner
Executive Assistant

James DelVisco
Donna Chance Dowdie
Raymond E. Epps
Jeanette A.A. Johnson
Audrey C. Kramer
Judith A. Sarathy
Marylou Scofield
John L. Veray
Michael A. Wolak, III
Assistant Corporation Counsel

David B. Greenberg
Senior Counsel

Olga Bonilla
Maryan F. Hook
Catherine Schroeter
Paralegals

Scott Dellaventura
Mark Kornacki
Pamela M. Popolizio
Legal Assistants

Jean Tomasso
Detective

Richard L. Bayer
Chief Investigator

Donella Dodd
Brenda Gillis
Thomas McInerney
Dominic Tammaro
Public Liability Investigators

MAILING ADDRESS
165 Church Street, 4th Floor
New Haven, CT 06510
(203) 946-7958
FAX (203) 946-7942

FILE COPY

September 20, 1999

Mr. Tyrone Grant
24 Saltonstall Avenue
Apt. 411
New Haven, CT 06513

Re: FOI Act Request Submitted to City of New Haven Received September 17, 1999

Dear Mr. Grant:

The City of New Haven is in receipt of your request pursuant to the Freedom of Information Act. Please be advised that Martin Philpot, Jr. was employed as an Assistant Corporation Counsel with the City of New Haven from June 10, 1985 until January 31, 1994.

Very truly yours,

Grant In Hearing damage Court (1994) march

Indicating sufficient of a Criminal Act by Philpot the Court Has Inherent Power to Investigate And summarily Remedy Allegations of Attorney misconduct Marinesi? Judct 659

Maryan F. Hook
Paralegal to Corporation Counsel

Attorney Philpot Intimately Acquainted with the [illegible] of [illegible] cause of Action).

cc: Thayer Baldwin, Jr., Corporation Counsel
* (Another Issue to Court) *

# Standing to bring motion for disqualification to prevent potential Breach. lawyer Not Representing Aggrieved client may bring motion. A duty to Inform Court of Ethics violations CA 1) 33.

A violation of Individual loyalty to client (Grant) counsel adopts Adversarly Representation) In Adverse Proceeding Failes to Adopt or Apply certain customary trial procedures (this Extends beyond the Realm of Judgement and strongly suggest An Invasion of Constitutional Rights)

Because Mr. Grant does not agree with some of the rulings of the court, particularly the ones involving Judge Blue where the City's and Chodos' Motions for Summary Judgment were granted, it does not readily follow that the undersigned was incompetent, unprofessional, negligent or failed to be diligent. While for Mr. Grant this entire matter is a simple, straightforward matter of the parties cutting a check for more than One Million dollars to him,[5] neither the court, nor the undersigned have found his legal claims to be such.

For all of the foregoing reasons, the undersigned hereby respectfully requests that the Complainant's grievance complaint be dismissed as the undersigned has fully, fairly, honestly and zealously represented the interests of the Complainant. It should also be noted that Motions to Stay the Proceedings have been filed in the two pending civil matters alerting the court of the fact that Mr. Grant has now filed a grievance against the undersigned and that all matters should be stayed until such time as he has been able to obtain new counsel.[6] Refer to Exhibits O and P.

Sincerely, I remain

WMP:sbo

[5] Mr. Grant insists that, in addition to the $950,000 judgment, he must also receive interest from the date of judgment.

[6] I am also aware that Mr. Grant has filed grievances against State's Attorney Michael Dearington, Attorney Michael Morris, as well as Attorney Robert Casale.

40

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TYRONE P. GRANT :

v. : CASE NO. 3:01CV935 (AWT)

M.H. CHODOS INSURANCE AGENCY, and PROGRESSIVE INSURANCE COMPANY :

JUDGMENT

This action having come on for consideration of the defendants' motions to dismiss before the Honorable Alvin W. Thompson, United States District Judge and,

The court having considered the full record of the case including applicable principles of law, and having filed an order of dismissal granting both motions to dismiss, it is therefore,

ORDERED, ADJUDGED and DECREED that judgment be and is hereby entered in favor of the defendants M.H. Chodos Insurance Agency and Progressive Insurance Company, and this case is dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

Dated at Hartford, Connecticut, this 9th day of July, 2002.

KEVIN F. ROWE, Clerk

By Sandra Smith
Sandra Smith
Deputy Clerk

EOD 7/10/02

JUL 11

JUL 3 2003

D. Conn.
3-01-CV-00935
Thompson, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 1st day of July, two thousand and three,

Present:

Hon. Chester J. Straub,
Hon. Rosemary S. Pooler,
*Circuit Judges,*
Hon. David N. Hurd,*
*District Judge.*

UNITED STATES COURT OF APPEALS
FILED
JUL 1 2003
ROSEANN B. MACKECHNIE, CLERK
SECOND CIRCUIT

Tyrone Grant,
Plaintiff-Appellant,

v. 02-7992

M.H. Chodos Ins. Agency, Progressive Ins. Co.,
Defendants-Appellees.

Progressive Insurance Company moves to dismiss plaintiff-appellant's appeal for lack of jurisdiction. Upon due consideration, it is ORDERED that Progressive Insurance Company's motion is granted because the notice of appeal is untimely pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure. Appellant's motions for an injunction, for "*de novo* review of entire case," to impose "sanctions against all defendants and their attorney's [sic] named pursuant to 28 U.S.C. [§] 1927," and for "appeal again pursuant to 71-5 motion for reconsideration en banc" are hereby denied as moot.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: Lucille Carr

* The Honorable David N. Hurd, of the United States District Court for the Northern District of New York, sitting by designation.

JUL - 1 2003

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TYRONE P. GRANT,
Plaintiff,

v.

M. H. CHODOS INS. AGENCY and PROGRESSIVE INS. CO.,
Defendants.

Civil No. 3:01CV00935(AWT)

**ORDER RE MOTION FOR WRIT OF MANDAMUS**

The plaintiff Tyrone Grant's Motion for Writ of Mandamus (Doc. No. 45) is hereby DENIED because this case is closed. Judgment entered in favor of the defendants on September 9, 2002, and the plaintiff attempted, unsuccessfully, to appeal. If the plaintiff wishes to pursue his contentions further, he must determine whether he is able to file a new action.

It is so ordered.

Dated this 15th day of September 2006, at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge

this Ruling Is Sloppy lacking IN seriousness- And unjust] As A matter of Law
*the Court Can(Not) Ignore AN Act of Congress] And the Laws of the United States.
A New motion Is Filed directely Address this Issue Respectively As filed *

# Certification

this Is to certify that A copy of the foregoing mailed postage prepaid on this day oct. 12 06

U.S Dist. Court 450. Main St Hartford Ct. 06109

Noble Young O Conner ONE Congress St Hartford Ct 06114

Royce Vehslage 21 OAK St suite 209 Hartford Ct 06106

*Certificate of Service Tyrone P. Grant 191 Whalley AVE suite 181 New Haven Ct 06511 Tyrone P. Grant. Osborn CC Po box 100 somers Ct 06071

Sincerly I Remain Tyrone P. Grant. 10 13 06